IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARTON CRAIG HARVEY, Derivatively on Behalf of STAMPS.COM, INC., | : | |
| | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | C.A. No. 1:19-cv-01861-CFC |
| KENNETH T. MCBRIDE, et al., | : | |
| | : | |
| *Defendants,* | : | |
| | : | |
| and | : | |
| | : | |
| STAMPS.COM, INC., a Delaware Corporation, | : | |
| | : | |
| *Nominal Defendant.* | : | |

| | | |
|---|---|---|
| IN RE STAMPS.COM STOCKHOLDER DERIVATIVE LITIGATION, | : | C.A. No. 1:20-cv-00929-CFC |

Ryan M. Ernst, O'KELLY & ERNST, LLC, Wilmington, Delaware; Benjamin I. Sachs-Michaels and Daniella Quitt, GLANCY PRONGAY & MURRAY LLP, New York, New York; Robert V. Prongay and Pavithra Rajesh, GLANCY PRONGAY & MURRAY LLP, Los Angeles, California; Thomas J. McKenna and Gregory M. Egleston, GAINEY McKENNA & EGLESTON, New York, New York. *Counsel for Plaintiffs Rado and Hill.*

Ned Weinberger, LABATON SUCHAROW LLP, Wilmington, Delaware; Daniel B. Rehns and Frank R. Schirripa, HACH ROSE SCHIRRIPA & CHEVERIE LLP, New York, New York. *Counsel for Plaintiff Harvey.*

Jon E. Abramczyk, D. McKinley Measley, and Alexandra M. Cumings, MORRIS
NICHOLS ARSHT & TUNNELL LLP, Wilmington, Delaware; Richard H.
Zelichov, Paul S. Yong, and Jonathan Rotenberg, KATTEN MUCHIN
ROSENMAN, Los Angeles, California.  *Counsel for Defendants*.

## MEMORANDUM OPINION

February 3, 2021
Wilmington, Delaware

_____

CONNOLLY, UNITED STATES DISTRICT JUDGE

Pending before the Court is a motion filed by Plaintiffs Joey Hill and

Michael Rado in the matter captioned *In Re Stamps.Com Stockholder Derivative*

*Litigation*, C.A. No. 1:20-cv-0929-CFC for an order: (1) lifting the stay and

vacating the prior order appointing lead counsel in the matter captioned *Harvey v.*

*McBride*, C.A. No. 19-1861-CFC and, (2) requiring counsel for Plaintiff Barton

Craig Harvey to serve unredacted copies of certain filings on counsel for Plaintiffs

Hill and Rado.  Duplicative copies of this motion have been filed in both actions.

*See* C.A. No. 19-1861, D.I. 19; C.A. No. 20-929, D.I. 51.[1]  For the reasons stated

below, the motion is GRANTED.

## I.   BACKGROUND

On February 21, 2019, Stamps.com announced that its exclusive relationship

with the United States Postal Service (USPS) had been terminated.  This prompted

a flurry of lawsuits in at least two states, which created the opportunity for the

current situation that forced counsel for Plaintiffs Hill and Rado to file the present

motion.

The first relevant lawsuit was a securities class action filed in March 2019 in

the United States District Court for the Central District of California (the

_____

[1] Citations are to the docket for C.A. No. 20-929 unless otherwise stated.

California District Court).  That case was captioned *Karinski v. Stamps.com, Inc.*
Case No. 2:19-CV-01828 (the Securities Action).

Next, in May 2019, Plaintiffs Hill and Rado each filed a stockholder
derivative action in the California District Court.  The California District Court
consolidated those actions on June 25, 2019, into the case captioned *In re
Stamps.com Stockholder Derivative Litigation*, Case No. CV 19-4272 MWF (SKx)
(the California Derivative Action).  D.I. 25 ¶ 2.

In the consolidation order, the California District Court designated the law
firms of Glancy Prongay & Murray LLP and Gainey McKenna & Egleston as co-
lead counsel.  *Id.* at ¶ 5.  Defendants in the California Derivative Action were
represented by the law firm Katten Muchin Rosenman, who reappear as
Defendants' counsel in similar actions filed in Delaware.  C.A. No. 20-929, D.I.
26.

On July 22, 2019, the California District Court entered a joint stipulated
order to stay the California Derivative Action pending resolution of the Securities
Action, because resolution of the Securities Action could have a significant effect
on the California Derivative Action.  D.I. 26; D.I. 27.  Notably, in the stipulation,
Defendants declared that (1) they believed the California Derivative Action was
subject to a mandatory forum selection clause in Stamp.com's bylaws requiring
that all derivative actions asserting a breach of fiduciary duty be filed in Delaware

3

and, (2) on that basis, they planned, upon the lifting of the stay, to move to transfer the California Derivative Action to Delaware.  D.I. 26.

On August 19, 2019, a stockholder derivative action was filed in the Delaware Court of Chancery.  That case is captioned *Cambridge Retirement System v. McBride*, Case No. 2019-0658-AG (the Chancery Court Action).  Plaintiff in the Chancery Court Action is represented by Labaton Sucharow.  Defendants are represented by Morris Nichols Arsht & Tunnell, a local law firm, and Katten Muchin, the same counsel from the California Derivative Action.

On October 3, 2019, Plaintiff Harvey filed a stockholder derivative action in the United States District Court for the District of Delaware.  That case is captioned *Harvey v. McBride*, C.A. No. 19-861-CFC (the Delaware Derivative Action).  The same counsel from the Chancery Court Action reappear in the Delaware Derivative Action, meaning Plaintiff Harvey is represented by Labaton Sucharow LLP and Defendants are represented Morris Nichols and Katten Muchin.

On October 9, 2019, the parties in the Delaware Derivative action filed a joint stipulation to stay the Delaware Derivative Action in favor of the Chancery Court Action because the actions "arise from the same acts and occurrences and involve common issues of law and fact."  C.A. No. 19-1861, D.I. 6.  The Delaware District Court entered the joint stipulation as an order the next day.  C.A. No. 19-1861, D.I. 7.

On July 9, 2020, the California District Court granted Defendants' motion to transfer the California Derivative Action to the Delaware District Court. D.I. 43. After the transfer, the California Derivative Action was captioned *In re Stamps.com Stockholder Derivative Litigation*, C.A. No. 20-929-CFC (hereinafter, the Transferred Derivative Action).

On July 9, 2020, the Clerk of the Court for the Delaware District Court notified Glancy Prongay and Gainey McKenna (the co-lead counsel from the California Derivative Action which became the Transferred Derivative Action) that they had until August 9, 2020 to retain local counsel. D.I. 45.

Also on July 9, 2020, Labaton Sucharow sent an email to Gainey McKenna stating "Pursuant to Paragraph 3 of the Order to Stay Proceedings entered in [the Delaware Derivative Action], 19-1861 (D. Del.), this email constitutes notice of the attached order." C.A. No. 19-1981, D.I. 17-1. Paragraph 3 of the Stay Order states:

> All actions subsequently filed in or transferred to this Court that involve questions of law or fact similar to those contained in the Action shall be automatically consolidated into the Action.

C.A. No. 19-1981, D.I. 7 ¶ 3. Based on this email, Labaton Sucharow contends that counsel for the Transferred Derivative Action had notice that its action had been automatically consolidated into the Delaware Derivative Action. C.A. No. 19-1981, D.I. 17. Nonetheless, the docket for the Transferred Derivative Action

does not contain any notation of consolidation with the Delaware Derivative Action, and Defendants entered their appearance separately in each action. *See, e.g.*, D.I. No. 48.

On July 30, 2020, about a week before the deadline for Plaintiffs Hill and Rado to hire local counsel in the Transferred Derivative Action, Plaintiff Harvey filed a motion in the Delaware Derivative Action to temporarily lift the stay and appoint Labaton Sucharow and Hach Rose Schirripa & Cheverie LLP as co-lead counsel. C.A. No. 19-1861, D.I. 11. The motion was unopposed by Defendants. *Id.* The motion discussed the individual Hill and Rado Actions but did not disclose that those actions had been consolidated by the California District Court or that the California District Court had appointed Glancy Prongay and Gainey McKenna as co-lead counsel. C.A. No. 19-1861, D.I. 12 at 1-2. Instead, the motion states that the two California actions were "represented by separate counsel" which "gives rise to potential inefficiencies that warrant an appointment of lead plaintiff and lead counsel," an appointment Labaton Sucharow and Hach Rose sought for themselves. *Id.*

The certificate of service states that Plaintiff Harvey's lead counsel motion and related papers, except for the brief was which was filed under seal, were served on "all parties who receive notice of the filings via the Court's CM/ECF system." C.A. No. 19-1861, D.I. 11-2. Because the brief was under seal, it "was

served by email upon Defendants' counsel." *Id.* At no time did Plaintiff Harvey serve the sealed brief on any counsel for the Transferred Derivative Action.

On August 6, 2020, the law firm O'Kelly & Ernst, LLC entered an appearance in the Transferred Derivative Action as local counsel and gave notice of the Delaware Derivative Action as a related action. D.I. 46, D.I. 46-1.

On September 2, 2020, the Court entered Plaintiff Harvey's proposed order appointing Labaton Sucharow and Hach Rose as co-lead counsel of the Delaware Derivative Action, which per the paragraph 3 of the stay order would include the Transferred Derivative Action. C.A. No. 19-1861, D.I. 15.

On September 3, 2020, the O'Kelly law firm filed a letter requesting leave to file an opposition to the motion to appoint lead counsel, explaining "we were never served with or received notice of the motion to lift the stay and appoint lead counsel." C.A. No. 19-1861, D.I. 16. Labaton Sucharow contends that emailing the Stay Order to Gainey McKenna on July 9 was sufficient notice. C.A. No. 19-1861, D.I. 17. It is not. Labaton Sucharow further contends that Plaintiffs Hill and Rado do not adequately represent the class, because they did not conduct a pre-suit investigation and filed a hastily drafted complaint. *Id.*; D.I. 25 at 13. Those are arguments best considered on a disputed motion for appointment of lead counsel where all sides have been given fair notice and an opportunity to fully present their credentials.

## II.   DISCUSSION

A court has discretionary authority to grant a motion to stay.  *Cost Bros.,*

*Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60–61 (3d Cir. 1985).  In determining

whether a stay is appropriate in the first instance, the court typically considers

three factors: (1) whether granting the stay will simplify the issues for trial; (2) the

status of the litigation, particularly whether discovery is complete and a trial date

has been set; and (3) whether a stay would cause the non-movant to suffer undue

prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, 2015 WL 219019, at *2

(D. Del. Jan. 14, 2015).  "When a court has imposed a stay, but 'circumstances

have changed such that the court's reasons for imposing [that] stay no longer exist

or are inappropriate,' the court also has the inherent power and discretion to lift the

stay."  *Id.* (quoting *Auto. Techs. Int'l., Inc. v. Am. Honda Motor Co.*, 2009 WL

2969566, at *2 (D. Del. Sept. 15, 2009)).

Here, circumstances have changed since the Court ordered a stay of the

Delaware Derivative Action.  The California Derivative Action has been

transferred to this Court and Plaintiffs in the two actions dispute who should be

appointed lead counsel.  When Labaton Sucharow previously sought appointment

as lead counsel it failed to inform the Court that the California District Court had

consolidated the California Derivative Action and appointed lead counsel before it

8

was transferred to this Court and became the Transferred Derivative Action. Labaton Sucharow also failed to serve the brief filed in support of its motion for appointment of lead counsel—which was filed under seal—on counsel in the Transferred Derivative Action.  If Labaton Sucharow considered it an impediment that counsel in the Transferred Derivative Action had not signed the protective order entered in the Delaware Derivative Action, then Labaton Sucharow had a duty to inform counsel in the Transferred Derivative Action of that opinion and thereby shift responsibility for resolving that impediment on counsel to the Transferred Derivative Action.

## III.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs Hill and Rado's Motion for an Order (i) Lifting Stay; (ii) Vacating Prior Order Appointing Lead Counsel and (iii) Requiring Service of Undredacted Copies of Prior Papers (C.A. No. 19-1861, D.I. 19; C.A. No. 20-929, D.I. 51) and will lift the stay in *Harvey v. McBride*, C.A. No. 19-1861 (D.I. 7).  The Court will consolidate *Harvey v. McBride*, C.A. No 19-1861 and *In Re Stamps.Com Stockholder Derivative Litigation*, C.A. No. 20-929 for all purposes and order that all filings be made in C.A. No. 19-1861.  The Court will vacate its prior order appointing lead counsel in *Harvey v. McBride*, C.A. No 19-1861 (D.I. 15).

The Court will issue an Order consistent with this Memorandum Opinion.